

**United States Department of State**

*Washington, D.C.   20520*

# United States Codes

**PUBLIC LAW 100-300**
**100th Congress**
**(H.R. 3971, 29 April 1988)**

**42 USC 11601 et seq.**
**INTERNATIONAL CHILD ABDUCTION REMEDIES ACT (ICARA)**

*To establish procedures to implement the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 and for other purposes.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.*

**Short Title: "This act may be cited as the 'International Child Abduction Remedies Act'."**

**Section 11601. - Findings and declarations**

**(a)** Findings: The Congress makes the following findings:

**(1)** The international abduction or wrongful retention of children is harmful to their well-being.

**(2)** Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention.

**(3)** International abductions and retentions of children are increasing, and only concerted cooperation pursuant to an international agreement can effectively combat this problem.

**(4)** The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

**(b)** Declarations: The Congress makes the following declarations:

**(1)** It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.

**(2)** The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.

**(3)** In enacting this chapter the Congress recognizes -

**(A)** the international character of the Convention; and

**(B)** the need for uniform international interpretation of the Convention.

**(4)** The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims

## Section 11602. - Definitions

For the purposes of this chapter -

**(1)** the term "applicant" means any person who, pursuant to the Convention, files an application with the United States Central Authority or a Central Authority of any other party to the Convention for the return of a child alleged to have been wrongfully removed or retained or for arrangements for organizing or securing the effective exercise of rights of access pursuant to the Convention;

**(2)** the term "Convention" means the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980;

**(3)** the term "Parent Locator Service" means the service established by the Secretary of Health and Human Services under section 653 of this title;

**(4)** the term "petitioner" means any person who, in accordance with this chapter, files a petition in court seeking relief under the Convention;

**(5)** the term "person" includes any individual, institution, or other legal entity or body;

**(6)** the term "respondent" means any person against whose interests a petition is filed in court, in accordance with this chapter, which seeks relief under the Convention;

**(7)** the term "rights of access" means visitation rights;

**(8)** the term "State" means any of the several States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

**(9)** the term "United States Central Authority" means the agency of the Federal Government designated by the President under section 11606(a) of this title

## Section 11603. - Judicial remedies

**(a)** Jurisdiction of courts

The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention.

**(b)** Petitions

Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

**(c)** Notice

Notice of an action brought under subsection (b) of this section shall be given in accordance with the applicable law governing notice in interstate child custody proceedings.

**(d)** Determination of case

The court in which an action is brought under subsection (b) of this section shall decide the case in accordance with the Convention.

**(e)** Burdens of proof

**(1)** A petitioner in an action brought under subsection (b) of this section shall establish by a preponderance of the evidence -

**(A)** in the case of an action for the return of a child, that the child has been wrongfully removed or retained within the meaning of the Convention; and

**(B)** in the case of an action for arrangements for organizing or securing the effective exercise of rights of access, that the petitioner has such rights.

**(2)** In the case of an action for the return of a child, a respondent who opposes the return of the child has the burden of establishing -

**(A)** by clear and convincing evidence that one of the exceptions set forth in article 13b or 20 of the Convention applies; and

**(B)** by a preponderance of the evidence that any other exception set forth in article 12 or 13 of the Convention applies.

**(f)** Application of Convention

For purposes of any action brought under this chapter -

**(1)** the term "authorities", as used in article 15 of the Convention to refer to the authorities of the state of the habitual residence of a child, includes courts and appropriate government agencies;

**(2)** the terms "wrongful removal or retention" and "wrongfully removed or retained", as used in the Convention, include a removal or retention of a child before the entry of a custody order regarding that child; and

**(3)** the term "commencement of proceedings", as used in article 12 of the Convention, means, with respect to the return of a child located in the United States, the filing of a petition in accordance with subsection (b) of this section.

**(g)** Full faith and credit

Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this chapter.

**(h)** Remedies under Convention not exclusive

The remedies established by the Convention and this chapter shall be in addition to remedies available under other laws or international agreements

## Section 11604. - Provisional remedies

**(a)** Authority of courts

In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 11603(b) of this title may take or cause to be taken measures under Federal or

State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

**(b)** Limitation on authority

No court exercising jurisdiction of an action brought under section 11603(b) of this title may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied

## Section 11605. - Admissibility of documents

With respect to any application to the United States Central Authority, or any petition to a court under section 11603 of this title, which seeks relief under the Convention, or any other documents or information included with such application or petition or provided after such submission which relates to the application or petition, as the case may be, no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court

## Section 11606. - United States Central Authority

**(a)** Designation

The President shall designate a Federal agency to serve as the Central Authority for the United States under the Convention.

**(b)** Functions

The functions of the United States Central Authority are those ascribed to the Central Authority by the Convention and this chapter.

**(c)** Regulatory authority

The United States Central Authority is authorized to issue such regulations as may be necessary to carry out its functions under the Convention and this chapter.

**(d)** Obtaining information from Parent Locator Service

The United States Central Authority may, to the extent authorized by the Social Security Act (42 U.S.C. 301 et seq.), obtain information from the Parent Locator Service.

**(e)** Grant authority

The United States Central Authority is authorized to make grants to, or enter into contracts or agreements with, any individual, corporation, other Federal, State, or local agency, or private entity or organization in the United States for purposes of accomplishing its responsibilities under the Convention and this chapter

## Section 11607. - Costs and fees

**(a)** Administrative costs

No department, agency, or instrumentality of the Federal Government or of any State or local government may impose on an applicant any fee in relation to the administrative processing of applications submitted under the Convention.

**(b)** Costs incurred in civil actions

**(1)** Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).

**(2)** Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 11603 of this title shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.

**(3)** Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate

## Section 11608. - Collection, maintenance, and dissemination of information

**(a)** In general

In performing its functions under the Convention, the United States Central Authority may, under such conditions as the Central Authority prescribes by regulation, but subject to subsection (c) of this section, receive from or transmit to any department, agency, or instrumentality of the Federal Government or of any State or foreign government, and receive from or transmit to any applicant, petitioner, or respondent, information necessary to locate a child or for the purpose of otherwise implementing the Convention with respect to a child, except that the United States Central Authority -

**(1)** may receive such information from a Federal or State department, agency, or instrumentality only pursuant to applicable Federal and State statutes; and

**(2)** may transmit any information received under this subsection notwithstanding any provision of law other than this chapter.

**(b)** Requests for information

Requests for information under this section shall be submitted in such manner and form as the United States Central Authority may prescribe by regulation and shall be accompanied or supported by such documents as the United States Central Authority may require.

**(c)** Responsibility of government entities

Whenever any department, agency, or instrumentality of the United States or of any State receives a request from the United States Central Authority for information authorized to be provided to such Central Authority under subsection (a) of this section, the head of such department, agency, or instrumentality shall promptly cause a search to be made of the files and records maintained by such department, agency, or instrumentality in order to determine whether the information requested is contained in any such files or records. If such search discloses the information requested, the head

of such department, agency, or instrumentality shall immediately transmit such information to the United States Central Authority, except that any such information the disclosure of which -

**(1)** would adversely affect the national security interests of the United States or the law enforcement interests of the United States or of any State; or

**(2)** would be prohibited by section 9 of title 13; shall not be transmitted to the Central Authority. The head of such department, agency, or instrumentality shall, immediately upon completion of the requested search, notify the Central Authority of the results of the search, and whether an exception set forth in paragraph (1) or (2) applies. In the event that the United States Central Authority receives information and the appropriate Federal or State department, agency, or instrumentality thereafter notifies the Central Authority that an exception set forth in paragraph (1) or (2) applies to that information, the Central Authority may not disclose that information under subsection (a) of this section.

**(d)** Information available from Parent Locator Service

To the extent that information which the United States Central Authority is authorized to obtain under the provisions of subsection (c) of this section can be obtained through the Parent Locator Service, the United States Central Authority shall first seek to obtain such information from the Parent Locator Service, before requesting such information directly under the provisions of subsection (c) of this section.

**(e)** Recordkeeping

The United States Central Authority shall maintain appropriate records concerning its activities and the disposition of cases brought to its attention

## Section 11608a. - Office of Children's Issues

**(a)** Director requirements

The Secretary of State shall fill the position of Director of the Office of Children's Issues of the Department of State (in this section referred to as the "Office") with an individual of senior rank who can ensure long-term continuity in the management and policy matters of the Office and has a strong background in consular affairs.

**(b)** Case officer staffing

Effective April 1, 2000, there shall be assigned to the Office of Children's Issues of the Department of State a sufficient number of case officers to ensure that the average caseload for each officer does not exceed 75.

**(c)** Embassy contact

The Secretary of State shall designate in each United States diplomatic mission an employee who shall serve as the point of contact for matters relating to international abductions of children by parents. The Director of the Office shall regularly inform the designated employee of children of United States citizens abducted by parents to that country.

**(d)** Reports to parents

**(1)** In general

Except as provided in paragraph (2), beginning 6 months after November 29, 1999, and at least once every 6 months thereafter, the Secretary of State shall report to each parent who has requested assistance regarding an abducted child overseas. Each such report shall include information on the current status of the abducted child's case and the efforts by the Department of State to resolve the case.

**(2)** Exception

The requirement in paragraph (1) shall not apply in a case of an abducted child if -

**(A)** the case has been closed and the Secretary of State has reported the reason the case was closed to the parent who requested assistance; or

**(B)** the parent seeking assistance requests that such reports not be provided

## Section 11609. - Interagency coordinating group

The Secretary of State, the Secretary of Health and Human Services, and the Attorney General shall designate Federal employees and may, from time to time, designate private citizens to serve on an interagency coordinating group to monitor the operation of the Convention and to provide advice on its implementation to the United States Central Authority and other Federal agencies. This group shall meet from time to time at the request of the United States Central Authority. The agency in which the United States Central Authority is located is authorized to reimburse such private citizens for travel and other expenses incurred in participating at meetings of the interagency coordinating group at rates not to exceed those authorized under subchapter I of chapter 57 of title 5 for employees of agencies

## Section 11610. - Authorization of appropriations

There are authorized to be appropriated for each fiscal year such sums as may be necessary to carry out the purposes of the Convention and this chapter