**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Adam C. Hemlock**
+1 (212) 310-8281
adam.hemlock@weil.com

July 24, 2019

Hon. Sanket Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom 324N

**Re: *Aaron Teller v. Sara Feiga Helbrans*, No. 1:19-cv-3172**

Dear Judge Bulsara:

     Respondents are providing this reply to Petitioner's Response in Opposition to Respondent's Motion to Compel Discovery from Petitioner Over Petitioner's Claims of Privilege as to Third Parties.

     Petitioner's Response does not dispute any element of Respondent's motion. Petitioner does not dispute Respondent's contentions that, with respect to Petitioner's Hague Petition, Ms. Weingarten is a third party with no existing privilege and no interest at stake, and that the common interest privilege does not apply.

     Petitioner merely states that an unspecified number of documents and communications from Ms. Weingarten are privileged because her testimony in her family court petition "aligns" with her intended testimony in this case, and Petitioner's intended testimony. Petitioner's Response at ¶ 11-12. This position is contrary to law. *See, e.g.*, *Bohack Corp. v. Iowa Beef Processors, Inc.*, 1981 WL 2018, at *3 (E.D.N.Y. Jan. 13, 1981) ("the Supreme Court has made it clear that the 'protective cloak' of the [attorney-client] privilege 'does not extend to information which an attorney secures from a witness while acting for his client…"); *United States v. Ackert*, 169 F.3d 136, 139 (2d. Cir. 1999) ("[A] communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communication proves important to the attorney's ability to represent the client.").

     Additionally, Petitioner has failed to provide any information regarding the volume, contents, or nature of the documents Petitioner intends to withhold, in violation of the Court's direction at the last status conference, and of Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2. (July 16 Tr. 6:3-7:6). Therefore, Petitioner has waived any privilege that may have existed. *See McNamee v. Clemens*, 2014 WL 1338720, at *3 (E.D.N.Y. Apr. 2, 2014) (collecting cases); *FG Hemisphere Assocs.,*

Hon. Sanket Bulsara  
July 24, 2019  
Page 2

**Weil, Gotshal & Manges LLP**

*L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) (holding the "unjustified failure to list privileged documents… in a timely and proper manner operates as a waiver of any applicable privilege").

  For the foregoing reasons, we respectfully ask the Court to grant Respondent's Motion to Compel Discovery from Petitioner Over Petitioner's Claims of Privilege as to Third Parties.

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Adam C. Hemlock  
   Steven A. Reiss  
   Adam C. Hemlock  
   Xiaoxi Tu  
   767 Fifth Avenue  
   New York, New York 10153  
   T: (212) 310-8305  
   F: (212) 310-8007

   *Attorneys for Sara Feiga Helbrans*