# MUSA-OBREGON LAW PC
## ATTORNEYS AND COUNSELORS AT LAW
55-21 69th STREET
MASPETH, N.Y. 11378

S. MICHAEL MUSA-OBREGON  TEL (718) 803-1000   MANHATTAN OFFICE
⎯⎯⎯⎯                      FAX (718) 374-6576  757 THIRD AVENUE, 20TH FL
JUAN CARLOS MONTEZA        molawfirm@gmail.com  NEW YORK, NY 10017
PETER KAPITONOV*           www.musa-obregon.com
MAYRA VELEZ                                      REPLY TO MASPETH OFFICE
RICHARD B. SUTIN
MAX ANDRE PIERRE DUBUCHE
JAN MAHMOOD TAMOOR
TESLA GOODRICH
RAM GOPALKRISHAN SHARMA
CAROLYN PAWLIK~

*Admitted NY, NJ
~Admitted in NJ

July 29, 2019

Hon. Sanket Bulsara
United States District Court Eastern District of New York
225 Cadman Plaza East Brooklyn, NY 11201
Courtroom 324N

Re: Aaron Teller v. Sara Feiga Helbrans, No. 1:19-cv-3172

Dear Judge Bulsara:

Petitioner replies to Respondent's letter of July 24 wherein counsel argues that the attorney client privilege with Ms. Chayeh Weingarten, a witness in this matter and a client of the law firm in a related case, has been waived because of an alleged failure to promptly disclose the privileged documents.  At the outset, I apologize to the court and counsel but I was not aware that the court had allegedly <u>ordered Petitioner to list the privileged documents at the last court conference</u>.   I had not attended the last hearing and my associate had not informed of the same, if that was the case. The first I heard of this was in Respondents letter last Friday.  Be that as it may, be are providing an inventory here.

Most of the following information was already provided to Respondent's counsel in prior discussions. The privileged communications at issue were developed by this law firm in representing Ms. Chayeh Weingarten in the in her petition for the awardance of temporary custody of the Teller children in the family court. The information in question was first obtained in that legal representation. At a later point it was decided that the law firm would also represent Aaron Teller in filing the instant Hague Convention. The discussions in both cases essentially concerned the same set of facts: **1) how the children were illegally removed from Guatemala by Respondent mother 2) how the children were at risk with the mother, 3) why the children should be returned to the father in Guatemala because they were illegally taken by the mother in violation of the Hague Convention and 4) why the children should be temporarily placed with Ms. Chayeh Weingarten who had previously acted as a caregiver for the children in the past.** Both our clients Aaron Teller and Chayeh Weingarten concurred with this information and the discussions with both those clients revolved around these central facts.

It should be noted that to a great extent Ms. Chayeh Weingarten has acted as an agent of Mr. Teller in providing me information since Mr. Teller lives in Guatemala rendering regular personal meetings impossible and Mrs. Weingarten spends a lot of time in NY. Mr. Teller also has a speech impediment in that he stutters, and thus telephone communication is cumbersome.

The inventory of the privileged material are: are dozens or emails, and texts and attached documents between Mrs. Chayeh Weingarten and her counsel discussing a summary of the facts as related by Aaron Teller and others of what transpired with the petitioner and respondent in Guatemala, Mexico and in the US in the aftermath of the mothers illegal abduction of the children to the US. Some of the emails discuss facts, some of them trial strategy and tactics. There are other emails concerning writings about the Lev Tahor community.

For the foregoing reasons and as previously argued, we respectfully ask the Court to deny Respondent's Motion to Compel Discovery from Petitioner Over Petitioner's Claims of Privilege as to Third Parties.

Respectfully submitted,

/s/ S. Michael Musa-Obregon
S. Michael Musa-Obregon, Esq.