UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AARON TELLER,

                               Petitioner,                             **ORDER**

       -against-                                           19-CV-3172-SJB

SARA FEIGA HELBRANS,

                               Respondent.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Respondent Sara Helbrans ("Helbrans") seeks an order compelling Petitioner Aaron Teller ("Teller") to appear for a deposition in this action brought under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 ("Hague Convention" or "Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. (*See* Mot. to Compel Dep. ("Resp't's Mot.") dated July 25, 2019, Dkt. No. 35).

       Teller is a U.S. citizen who presently resides in Guatemala. Helbrans seeks to depose Teller pursuant to the Walsh Act, 28 U.S.C. § 1783. The Walsh Act permits a court to exercise jurisdiction over a United States citizen, and to require him to appear in the United States to testify. *Blackmer v. United States*, 284 U.S. 421, 438 (1932) ("The jurisdiction of the United States over its absent citizen, so far as the binding effect of its legislation is concerned, is a jurisdiction in personam, as he is personally bound to take notice of the laws that are applicable to him and to obey them."). The Act authorizes this Court to issue a subpoena to:

> a national or resident of the United States who is in a foreign country . . . if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is

> not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.

28 U.S.C. § 1783(a). Because a Hague Convention case is a civil proceeding, for the Court to issue a subpoena, Helbrans must demonstrate that Teller's testimony is (1) necessary in the interest of justice; and (2) that it is not possible to obtain his testimony in admissible form without his personal appearance. *See id*. "[W]hen considering the propriety of a subpoena under 28 U.S.C. § 1783, the court should consider factors such as the nature of the proceedings, the nature of the testimony or evidence sought, the convenience of the witness, the convenience of the parties, and other facts bearing upon the reasonableness of requiring a person abroad to appear as a witness." *Safar v. Costco Wholesale Corp.*, No. 15-CV-469, 2016 WL 1589600, at *2 (E.D. Va. Apr. 19, 2016). "The decision to issue a subpoena under this statute is left to the sound discretion of the court." *Balk v. N.Y. Inst. of Tech.*, 974 F. Supp. 2d 147, 155 (E.D.N.Y. 2013) (quotations omitted).

As to whether Teller's testimony is necessary, it is quite clear that without it, the Court could not properly adjudicate the merits of his petition. "Testimony is necessary in the interest of justice if it is relevant under the standards set forth in Federal Rule of Civil Procedure 26(b), and if there is a compelling reason to issue the subpoena." *Safar*, 2016 WL 1589600, at *2. Teller has brought this petition and is a party to the case, alleging that Helbrans kidnapped their six children in violation of his custody rights. His testimony is pivotal to understanding whether the six children are habitually resident in Guatemala, and presumably to support his opposition to the defenses under the Convention that the children have indicated they will assert. (*See* Mem. of Law in Supp., attached as Ex. 1 to Am. Mot. to Intervene dated July 9, 2019, Dkt. No. 27 (on

2

behalf of children Y.S.T., F.T., D.T., and R.T.); Suppl. Mem. of Law in Supp., attached as Ex. 1 to Mot. to Intervene dated Aug. 7, 2019, Dkt. No. 45 (on behalf of child C.T.); Mot. to Intervene dated Aug. 9, 2019, Dkt. No. 48 (on behalf of child Y.C.T.)). Up to this point, despite Court inquires on the issue, there has been no firm commitment that Teller will appear for trial testimony. (*E.g.*, Tr. of Hr'g Held on July 29, 2019 ("July 29 Tr."), Dkt. No. 38, at 25:24–26:2; 26:20–28:17; 29:11–23). It is difficult to discern how the Court can credibly evaluate the merits of Teller's petition without his testimony.

Teller argues that a Walsh Act subpoena is invalid because the Hague Convention does not contemplate requiring parents to appear for deposition. (Mot. to Quash Resp't's Subpoena ("Pet'r's Resp.") dated Aug. 1, 2019, Dkt. No. 40, ¶ 9). To be sure, nothing in the Convention requires attendance at a deposition, but nothing prohibits a deposition or other customary discovery procedures from being used. And the taking of deposition testimony is a common occurrence in Hague Convention matters, because it assists the Court and both parties in clarifying facts and narrowing the issues for decision. *See, e.g.*, *Robert v. Tesson*, 507 F.3d 981, 995 (6th Cir. 2007) ("In addition to deposition testimony from both parties, the magistrate judge conducted nine days of hearings [in Hague Convention abduction case.]"); *Kufner v. Kufner*, 480 F. Supp. 2d 491, 494–95 (D.R.I. 2007) ("[T]his Court has given expedited consideration to this matter consistent with the command of the Hague Convention. After considering the evidence and trial testimony developed over seven days of hearing and submitted thorough deposition designations supplementing the record, the Court makes the following findings of fact, conclusions of law[,] and orders.") (citation omitted). Discovery in a Convention case is important given the gravity and complexity of the issues raised, and indeed both parties agreed to a schedule in this case during which

discovery was to be propounded. Having presumably propounded his own discovery to Helbrans, pursuant to the schedule in the case, it is incongruous for Teller to object to the use of other discovery devices, like depositions. Ultimately, whether a Walsh Act subpoena is appropriate turns not on whether the law on which the litigation rests permits such a subpoena, but whether the two-part standard in the Walsh Act has been satisfied. That inquiry necessarily takes into account the nature of the case and the importance of the subpoena to the issues involved. And, as discussed, testimony of one of the two principal parties helps all sides and the Court elucidate the issues at the heart of a Hague Convention dispute. *See also S.E.C. v. Sabhlok*, No. 08-CV-4238, 2009 WL 3561523, at *3 (N.D. Cal. Oct. 30, 2009) (authorizing Walsh Act subpoena because testimony "bears directly on the key issues in this case."). The first factor has therefore been satisfied.

The second factor—whether it is "possible to obtain [the citizen's] testimony in admissible form without his personal appearance"—has not been satisfied by Helbrans. *Balk*, 974 F. Supp. 2d at 155. "In assessing the second prong—whether there are potentially alternative methods to obtain testimony—courts analyze whether it is practical to obtain the information sought from the witness." *Id*. at 156. Teller indicates that he has offered to either sit for a deposition in Guatemala or appear for a deposition via video. (Pet'r's Resp. ¶ 10). Helbrans responds by stating that Teller's presence is required under the Walsh Act. (Reply in Supp. of Mot. to Compel ("Resp't's Reply") dated Aug. 2, 2019, Dkt. No. 43, at 2). That assumes what must be proven. To obtain a Walsh Act subpoena, and command a citizen's appearance in the United States, the movant must demonstrate that admissible testimony is otherwise not available, *see Balk*, 974 F. Supp. 2d at 156; the movant cannot rely on the compulsion of the

4

subpoena—the requirement that the witness appear in the United States—to make that showing. Depositions may be taken remotely, and by video. *See* Fed. R. Civ. P. 30(b)(4). In some instances, that has been sufficient to deny a request for a Walsh Act subpoena. *E.g.*, *Ameris Bank v. Russack*, No. 14-CV-2, 2015 WL 4770190, at *2 (S.D. Ga. Apr. 1, 2015), *aff'd*, 2015 WL 4760694 (Aug. 12, 2015).

At this point, Helbrans has not made a showing why obtaining Teller's deposition testimony remotely via video or in-person abroad is not practical or possible. As such, the motion is denied without prejudice to renewal. Any additional submission on these issues may be made by close of business on **August 16, 2019**. The parties should meet and confer about a video or in-person deposition of Teller before that date. The Court separately expects counsel for Teller to inform the Court by that date whether his client expects to provide trial testimony in person.[1]

                                                                                                     SO ORDERED.

                                                                            */s/ Sanket J. Bulsara* August 12, 2019
                                                                            SANKET J. BULSARA
                                                                            United States Magistrate Judge

Brooklyn, New York

---

[1] The Court does not believe that Teller can be compelled to appear for a deposition through use of Rule 45 subpoena, because while Rule 45 refers to service of citizens abroad—*see* Fed. R. Civ. P. 45(b)(3) (citing the Walsh Act as governing the issuance and service of subpoenas abroad)—the Rule still requires the deposition take place within 100 miles of where the person resides, is employed, or regularly transacts business, *see* Fed. R. Civ. P. 45(c)(1)(A), since he is not living within a state.