UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AARON TELLER,

                              Petitioner,

     -   against  -

SARA FEIGA HELBRANS,

                              Respondent.
------------------------------------------------------------------X

                          19-cv-03172 (PKC) (SJB)

**CHILDREN TELLER
ANSWER**

      NOW COME Children Teller Y.S.T., D.T., F.T., and R.T. ("the children"), and hereby submit this Answer to Petitioner's Complaint.

1. The children admit paragraphs 1-3 of Petitioner's complaint.

2. The children lack sufficient knowledge or information to respond to the allegations contained in Paragraph 4; therefore such allegations are denied, and deny that their psychological condition has been harmed by their removal from Guatemala.

3. The children join in the Respondent's Answer regarding Paragraphs 5-6.

4. With respect to Paragraph 7, the children deny that they were removed from their habitual residence, and that the Petitioner was exercising his rights of custody at the time of their removal.  The children respectfully refer the Court to the Hague Convention itself for its terms and scope.

5. The children lack specific knowledge or information with regard to Paragraphs 8-18 and respectfully refer all matters of legal interpretation to the Court.

6. The children join in Respondent's Answer regarding Paragraph 19.

7. The children admit the allegations of Paragraphs 20-22, except to note that C.T. turned 13 on July 3, 2019.

8. The children lack sufficient knowledge or information to respond to the allegations contained in Paragraphs 23-30; therefore such allegations are denied.

9. With respect to Paragraph 31, the children admit that they all are under sixteen years of age, but respectfully refer the question of whether the Hague Convention applies to this case to the Court.

10. With respect to Paragraph 32, the children admit that Yiddish is their primary language, and that they speak some Spanish.

11. The children deny the allegation in Paragraph 33, as they are learning English.

12. With respect to Paragraph 34, the children admit that Aaron Teller belongs to Lev Tahor. The youngest four children, Y.S.T., D.T., R.T., and F.T., are unclear as to whether they belong to Lev Tahor. The children lack sufficient knowledge or information as to the beliefs of the Respondent and the older two children; therefore the remaining allegations of Paragraph 34 are denied.

13. The children admit the allegations in Paragraph 35.

14. The children lack sufficient knowledge or information to respond to the allegations contained in Paragraphs 36-41; therefore such allegations are denied.

15. The children admit the allegations of paragraph 42 insofar as the Kings County Family Court granted respondent a temporary order of sole custody of the children on November 14, 2018. The children also respectfully submit that, the New York Family Court stated that, at that time, that it was exercising temporary emergency jurisdiction over the children, and submit that, currently, pursuant to the Uniform

Child Custody Jurisdiction and Enforcement Act, New York Dom. Rel. Law §§ 75, *et seq.*, the New York court has jurisdiction over issues related to custody of the children, if they are not returned to Guatemala.

16. The children admit that they currently reside with the mother in Brooklyn, New York.

17. The children lack sufficient knowledge or information to respond to the allegations contained in Paragraph 44-159; therefore such allegations are denied. However, the children note that the Petitioner has not filed either a motion to dismiss or an Answer in the Kings County Family Court case, nor has he sought visitation or other affirmative relief in that case. In addition, the children deny that Guatemala is their habitual residence.

18. The children deny the allegations in Paragraph 160.

19. The children lack sufficient knowledge or information to respond to the allegations contained in Paragraph 161-164; therefore such allegations are denied.

20. The children object to the relief sought by Petitioner in Paragraph 165.

21. With respect to Paragraph 166, the children do not object to telephone or other electronic access between Y.S.T., D.T., R.T., and F.T. and Petitioner, subject to certain restrictions imposed by the Court.

22. The children do not object to the relief sought by Petitioner in Paragraph 167.

23. The children object to the relief sought in Paragraph 168.

## The Children's Affirmative Defenses

24. Even if the Court finds that the children were wrongfully removed from their country of habitual residence, the children contend that the petition should be denied pursuant to

3

Article 13(b) of the Hague Convention. There is a grave risk that return of Y.S.T., D.T., R.T., and F.T. to Guatemala would expose them to grave risk of harm and/or an intolerable situation.

25. Specifically, the children assert that, if returned to Guatemala, they will suffer grave harm in that:

   (a) Because the children never have lived in Guatemala, except within the confines of the insular Lev Tahor community, neither they nor the mother have any connection to Guatemalan institutions and would lack the ability to reside in Guatemala, apart from Lev Tahor. It also is unclear whether the children and the parties can reside and work legally in Guatemala at this juncture, and it is unclear how the parties could support the children financially in Guatemala, apart from Lev Tahor. Thus, the children's removal to Guatemala will result in their residing in the Lev Tahor community and being completely and permanently separated from the mother, who reportedly has been excommunicated from, and shunned by that community. This will cause the children grave psychological harm, as the mother was the children's primary caretaker throughout the majority of their lives, and their primary bond is with her;

   (b) If they are returned to Guatemala, and neither party files and prosecutes a custody proceeding in the Guatemalan courts, the children will have no ability to initiate such a proceeding on their own behalf. If the children are placed with Lev Tahor members, other than the father, they will have no ability to pursue

4

their right to be cared for by a parent, or, if placed with separate families, to reside together;

(c) The children's return to Lev Tahor will subject them to grave physical risk, as they will be limited to an extremely restricted diet, which provides them with little or no protein, and lacks essential vitamins, minerals, and other nutrients, and, consequently, exposes them to long-term health risks;

(d) The children's return to Lev Tahor will cause them to lose the benefits of the trauma-related therapy that they have received in the United States, and will subject them to a situation in which, allegedly, neither they nor their parents are free to make decisions on their behalf, apart from those dictated by the community;

(e) The children's return to Lev Tahor will place them at risk of child marriage, and resulting sexual abuse, at ages as young as 13. Indeed, involvement with Lev Tahor normalizes such situations, and the Guatemalan authorities are unlikely to take any action to prevent this practice.

26. Moreover, the children assert that they cannot be treated as a group of six children, as their interests differ from those of Y.C.T. (now age 14), who purportedly was married and living with her husband, immediately prior to traveling to Mexico with the father.

## Prayer For Relief

27. For the reasons stated above, the Court should dismiss, and/or deny the Petition and grant such other and further relief as it deems just and proper.

5

Respectfully submitted,

LAURA MARCHINI
The Children's Law Center
44 Court Street, 11h Floor
Brooklyn, New York 11201
(718) 522-3333, ext. 185
lmarchini@clcny.org

August 23, 2019